UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANK ALLEN,

                                Plaintiff,

    vs.                                                   9:04-CV-91

NURSE COOLEY,                                   (C.J. Mordue)

                                Defendant.
_____

APPEARANCES                              OF COUNSEL

FRANK ALLEN
Plaintiff pro se

ELIOT SPITZER                           CHARLES J. QUACKENBUSH
Attorney General of the                  Asst. Attorney General
State of New York

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

    This matter has been referred to me for Report and Recommendation by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

    In this civil rights complaint, plaintiff alleges that he was denied constitutionally adequate medical care in violation of the Eighth and Fourteenth Amendments. (Dkt. No. 1). Plaintiff seeks substantial monetary as well as declaratory relief.

    In addition to defendant Nurse Cooley, plaintiff originally named several other "John Doe" defendants. (Dkt. No. 1). On February 19, 2004, Chief Judge Mordue

dismissed the complaint against **all** defendants except Nurse Cooley because plaintiff not only failed to provide proper identities for the "John Doe" defendants, but also failed to state any allegations of wrongdoing against the "John Doe" defendants in the body of the complaint. (Dkt. No. 5). Defendant Cooley, the only remaining defendant, answered the complaint on December 5, 2005. (Dkt. No. 24).

Presently before the court is defendant's motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). (Dkt. No. 25). For the following reasons, this court finds that defendant's motion should be granted, but that the complaint should be dismissed ***without prejudice***.

## DISCUSSION

**1.    Motion for Judgment on the Pleadings**

After the pleadings are closed, a motion to dismiss for failure to state a claim is properly brought as a motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir. 1983) (citations omitted). *See* FED. R. CIV. P. 12(b), 12(c) and 12(h)(2). The motion for judgment on the pleadings is then treated according to the same standard as a motion under Rule 12(b)(6). *Id*.

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) (citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept the material facts alleged in the complaint as true. *Id*. (citing *Cooper v. Pate,* 378 U.S.

546 (1964)(per curiam)). In determining whether a complaint states a cause of action, great liberality is afforded to *pro se* litigants. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)(citation omitted). When considering a motion to dismiss for failure to state a claim, the court may consider the complaint, together with any documents attached as exhibits or incorporated by reference. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1998).

## 2. Facts

Plaintiff alleges that on March 6, 2002, while he was incarcerated at Gouverneur Correctional Facility, he injured his ankle and Achilles tendon playing basketball in the gymnasium. Complaint (Compl.) ¶ 1. Plaintiff states that he was taken to the facility hospital after the injury. Compl. ¶ 4. Plaintiff claims that he was examined by defendant Cooley, but that she told plaintiff there was nothing wrong with his leg and accused plaintiff of trying to "get out of his work program/job." Compl. ¶¶ 4-5.

Plaintiff claims that despite the severity of his injury and the excruciating pain that it was causing him, plaintiff was told that he would only be given Tylenol. Compl. ¶ 6. Plaintiff also states that he was never given the Tylenol that was promised, and he had to endure severe pain for two days. *Id.* Plaintiff states that when he was examined by a doctor, the doctor "took 'one' look" at plaintiff's leg and knew that "something was wrong." Compl. ¶ 8.

Plaintiff claims that he was sent "out" to have x-rays, which showed a "tear" in his Achilles tendon and an injury to his ankle. Compl. ¶ 10. Plaintiff states that

surgery was required to repair the injuries. Compl. ¶ 11.  Plaintiff claims that defendant Cooley's failure to "administer treatment" or send plaintiff to the hospital after the injury, resulting in plaintiff having to endure severe pain, was a denial of proper medical care in violation of State standards as well as plaintiff's rights under the Federal Constitution. Compl. ¶¶ 7, 12.

**3.    Medical Care**

In order to state a claim based on constitutionally inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003).  There are two elements to the deliberate indifference standard. *Smith*, 316 F.3d at 183-84.  The first element is ***objective*** and measures the severity of the deprivation, while the second element is ***subjective*** and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* at 184 (citing *inter alia Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

In order to meet the first element of the standard, plaintiff must show that he has a sufficiently serious illness or injury. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  A medical condition has been considered "sufficiently serious" when there is a "condition of urgency," one that may result in death, degeneration, or extreme pain. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  The seriousness of a plaintiff's medical need may also be determined by reference to the effect of denying the particular treatment. *Sonds v. St. Barnabas Hosp. Correctional Health Services*,

4

151 F. Supp. 2d 303, 310 (S.D.N.Y. 2001)(citation omitted).  Thus, if unnecessary and wanton infliction of pain results from the denial of treatment, or if the denial of treatment causes the inmate to suffer a lifelong handicap or permanent loss, the condition may be considered "sufficiently serious." *Id.* (citing *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)).

In order to meet the second element of the standard, plaintiff must demonstrate more than an "inadvertent" or negligent failure to provide adequate medical care. *Id.* (citing *Estelle*, 429 U.S. at 105-106).  Instead, plaintiff must show that the defendant was "deliberately indifferent" to that serious medical condition. *Id.*  In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety. *Id.* (citing *Chance*, 143 F.3d at 702). In order to be "deliberately indifferent" the defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must draw that inference. *Chance*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Disagreement with prescribed treatment does ***not*** rise to the level of a constitutional claim. *Sonds*, 151 F. Supp. 2d at 311.  Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates. *Id*. (citations omitted).  An inmate does ***not*** have the right to treatment of his choice. *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986).  The fact that plaintiff might have preferred an alternative treatment or believes that he did not get the medical attention he desired does not rise to the level of a constitutional violation. *Id.*

Thus disagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment. *Sonds*, 151 F. Supp. 2d at 312 (citing *Estelle*, 429 U.S. at 107). Even if those medical judgments amount to negligence or malpractice, malpractice does ***not*** become a constitutional violation simply because the plaintiff is an inmate. *Id. See also Daniels v. Williams*, 474 U.S. 327, 332 (1986)(negligence not actionable under section 1983). Thus, any claims of malpractice, or disagreement with treatment are not actionable under section 1983. The court would point out that a ***delay*** in treatment, contrasted with a ***denial*** of treatment does not necessarily invoke the Eighth Amendment. *Magee v. Childs*, 9:04-CV-1089, 2006 U.S. Dist. LEXIS 14571, *12 (N.D.N.Y. Feb. 27, 2006)(Treece, M.J.).[1] The Second Circuit has specifically held that when the basis for an inmate's Eighth Amendment claim is a temporary delay or interruption in otherwise satisfactory medical care, "it is appropriate to focus on the underlying *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition alone*" in analyzing whether the alleged deprivation is "objectively, sufficiently serious." *Smith*, 316 F.3d at 186 (emphasis in original). The "serious medical need inquiry may take into account the severity of the temporary deprivation alleged. *Id.* at 186.

The severity of the alleged delay in medical care should be analyzed with regard

---

[1] The court notes that in *Magee*, Magistrate Judge Treece issued a Report-Recommendation, recommending that plaintiff's complaint be dismissed on the merits. (Dkt. No. 28)(04-CV-1089). Although the case was ultimately dismissed due to plaintiff's failure to prosecute, including the failure to inform the court of his change of address, District Judge Gary L. Sharpe noted in his decision that he would have adopted Magistrate Judge Treece's recommendation. (Dkt. No. 32).

to all the relevant facts and circumstances. *Id.* at 187.  Thus, a major delay in treating a minor injury may in some cases violate the Eighth Amendment, while conversely, a minor delay in treating a major injury might not violate the Eighth Amendment if the delay itself did not cause plaintiff to suffer further harm. *Dawson v. Williams*, 04 Civ. 1843, 2005 U.S. Dist. LEXIS 3059, *14 (S.D.N.Y. Feb. 28, 2005).  It has also been held that a *delay* in medical treatment may constitute deliberate indifference, but that "such a classification is reserved for 'cases in which, for example officials deliberately delayed care as a form of punishment; ignored a life-threatening and fast degenerating condition for three days; or delayed major surgery for over two years.'" *Magee v. Childs*, 2006 U.S. Dist. LEXIS14571 at *12 (quoting *Freeman v. Stack*, 2000 WL 1459782, at *6 (S.D.N.Y. Sept. 29, 2000)).

In this case, plaintiff alleges that his injury was a torn Achilles tendon and an unspecified injury to his ankle for which he ultimately needed surgery.  Defendant first argues that plaintiff has not alleged a "sufficiently serious" injury.  Defendant cites cases in which broken bones and degenerative arthritis were insufficient to constitute "significant injury" under the standard. *See e.g. Veloz v. New York*, 35 F. Supp. 2d 305, 312 (S.D.N.Y. 1999)(fragmented foot fracture, bone cyst, and degenerative arthritis); *Rivera v. Johnson*, 1996 U.S. Dist. LEXIS 14192, *5-7 (W.D.N.Y. Sept. 25, 1996)(broken finger).

However, in *Hemmings v. Gorczyk*, 134 F.3d 104, 106 (2d Cir. 1998), the plaintiff also claimed that while he was playing basketball, another inmate landed on plaintiff's ankle rupturing his Achilles tendon.  The Second Circuit reversed the

7

District Court's dismissal of the action. *Id.* *Hemmings* is distinguishable from this case, first, because plaintiff's injury in *Hemmings* was not treated for ***two months***. In *Hemmings*, the Second Circuit reversed the dismissal of the action because plaintiff had alleged facts regarding his injury that could ***potentially*** show, upon further development, that his condition was sufficiently painful to satisfy the objective prong of the deliberate indifference standard. *Id.* at 109.

The complaint in *Hemmings* was dismissed at an early stage of the case,[2] and the court in *Hemmings* had before it only the facts as stated in the plaintiff's complaint. In *Hemmings*, however, the delay in treatment was two ***months***, rather than two ***days*** as in this case. Plaintiff in this case is ***not*** alleging a failure to treat. Plaintiff claims that his "treatment"[3] was "delayed" for two days, and he was not given his Tylenol in the interim. In *Magee v. Childs*, Magistrate Judge Treece found when considering a motion for judgment on the pleadings, that a ***two day delay*** in treatment for a broken finger did ***not*** constitute deliberate indifference. 2006 U.S. Dist. LEXIS 14571, at *14 (citation omitted).

In *Bennett v. Erie County Holding Center Medical Dep't*, 03-CV-6393, 2006 U.S. Dist. LEXIS 15318, *28 (W.D.N.Y. March 31, 2006), the court held that in order

---

[2] The complaint in *Hemmings* was dismissed by the District Court under the *in forma pauperis* statute then in effect, 28 U.S.C. § 1915(d) which allowed a court to dismiss an action *sua sponte* if it found that the action were "frivolous or malicious." This section was amended in 1996 pursuant to the Prison Litigation Reform Act, which now requires a court to dismiss an *in forma pauperis* action *sua sponte* at any time if it finds that the case is frivolous, malicious, fails to state a claim, or seeks relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[3] Plaintiff states that he was sent "out" to have x-rays, but there is no indication as to when any surgery was performed.

8

to rise to the level of a constitutional claim, the delay must have caused "substantial harm." *See also Evans v. Manos*, 336 F. Supp. 2d 255, 262 (W.D.N.Y. 2004). Even assuming that the torn Achilles tendon and other ankle injury in this case were major injuries, the delay of ***two days*** in obtaining x-rays does not rise to the level of a constitutional violation without a showing or a even a claim that the delay itself caused substantial harm.

Plaintiff does allege that because of these injuries, he was not able to walk "right" for 15 months, however, there is no indication that the two day delay in obtaining x-rays made plaintiff's condition worse. He does state that as soon as the doctor examined him, he was afforded the x-rays, and presumably thereafter was afforded surgery to repair the injury. The fact that defendant Cooley, a nurse, did not administer the Tylenol or some other form of pain medication for two days also is not a sufficient delay to rise to the level of substantial harm. Thus, as the complaint is written, the "deprivation" alleged by plaintiff is not "sufficiently serious", and this court finds that the complaint cannot survive a motion for judgment on the pleadings.

The Second Circuit has held, however, that when the court dismisses a pro se action on the pleadings, the plaintiff should be given an opportunity to amend his complaint to state a claim. *See Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991) (citations omitted)(court should not dismiss without granting leave to amend at least once when the complaint gives "any indication" that a valid claim may be stated).

Although this court is recommending dismissal based on the existing complaint,

the dismissal should be without prejudice to plaintiff having the opportunity to submit an amended complaint stating how the *two day delay* in this case caused him substantial harm.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion for judgment on the pleadings (Dkt. No. 25) be **GRANTED**, and the complaint **DISMISSED WITHOUT PREJUDICE**, and it is further

**RECOMMENDED**, that if this report is adopted, plaintiff be afforded **THIRTY (30) DAYS** from the date of the approval of the report within which to file an amended complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 13, 2006

                                                  Hon. Gustave J. DiBianco
                                                  U.S. Magistrate Judge